**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RODOLFO SALGADO, | Case No.: 3:21-cv-00411-RCJ-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| RIGNEY, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to update his contact information or prosecute this action.

**I. BACKGROUND**

Plaintiff was incarcerated within the Nevada Department of Corrections (NDOC) when he filed a pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 5.)

The court screened his complaint and allowed him to proceed with an Eighth Amendment excessive force claim against Miller, Rigney, Kleer, Guzman, Weiland, Stubbs, and Johnson; a Fourteenth Amendment equal protection claim against Rigney, Weiland, Johnson, Cox, Guzman, Diamond, Searc, Stubbs, Brown, Kleer, Malm, and Miller. (ECF No. 4.)

Defendants Cox, Guzman, Kleer, Malm, Rigney, Searle, Stubbs, and Weiland filed an answer on August 22, 2022. (ECF No. 17.) The court issued a scheduling order that same day, setting the dispositive motions deadline for March 20, 2023. (ECF No. 18.) On November 21, 2022, the court issued a notice of intent to dismiss Miller, Brown, Diamond, and Johnson due to

failure to timely serve them under Federal Rule of Civil Procedure 4(m). (ECF No. 20.) That notice was returned as undeliverable, noting that Plaintiff was no longer housed at Ely State Prison (ESP). (ECF No. 23.)

On February 21, 2023, Defendants filed a motion for extension of time to file their motion for summary judgment. (ECF No. 24.) That motion was also returned as undeliverable as to Plaintiff, again noting he was no longer at ESP. (ECF No. 25.)

The court granted Defendants' motion and gave them until April 19, 2023, to file their motion for summary judgment. (ECF No. 26.) That order was returned as undeliverable. (ECF No. 28.) Defendants filed a notice of change of the Deputy Attorney General assigned to the case on April 4, 2023. (ECF No. 29.) That notice was also returned as undeliverable as to Plaintiff. (ECF No. 30.)

A review of NDOC's inmate online inmate database indicates that Plaintiff has been paroled.

On April 5, 2023, the court issued an order giving Plaintiff until April 26, 2023, to file and serve a notice of change of address as well as a notice of intent to prosecute this action. He was cautioned that a failure to do so would result in a recommendation that this action be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) and Local Rule IA 3-1. (ECF No. 31.)

To date, Plaintiff has not filed a notice of updated contact information. Nor has he otherwise indicated an intent to prosecute this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In addition, Local Rule IA

3-1 provides that a party must immediately file a notice of change of contact information, and the failure to do so may result in the imposing of sanctions, including dismissal.

Plaintiff has not filed updated contact information with the court. Nor has he otherwise indicated an intent to prosecute this action.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in

touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b) and Local Rule IA 3-1.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 1, 2023

_____
Craig S. Denney
United States Magistrate Judge